946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie Lee CARTER, Plaintiff-Appellant,
v.
D. YOUNGSTROM, in his individual and official capacity, Arum
Bouck, in his individual and official capacity, Patricia
Fitzner, in her individual and official capacity, Raymond G.
Toombs, Warden, in his individual and official capacity,
Defendants-Appellees.
 No. 91-1686.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Jimmie Lee Carter, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Carter was incarcerated at the Kinross Correctional Facility. His brother, who is his co-defendant, is incarcerated at Ionia Maximum Facility (IMF). Seeking monetary and injunctive relief, Carter sued these state prison officials in their individual and official capacities, alleging that he was denied access to the courts when the IMF mailroom refused to forward legal materials sent from him to his brother regarding an appeal of their criminal convictions. The mailroom rejected the mail because there was no legal assistance agreement in effect between Carter and his brother.
 
 
 4
 Defendants filed a motion for summary judgment, to which Carter did not file a response. A United States magistrate judge recommended that the complaint be dismissed, finding that the defendants did not impede Carter's access to the courts because they did not act unreasonably in requiring that a legal agreement be executed. The district court adopted the magistrate's recommendation after reviewing Carter's objections, and granted summary judgment for the defendants.
 
 
 5
 On appeal, Carter reasserts his claims, and requests the appointment of counsel. Defendants have notified the court that they will not be filing a brief.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment for the defendants. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Carter's constitutional rights were not burdened by the defendants' requirement that he and his brother execute a legal assistance agreement. This requirement is reasonably related to the defendants' legitimate penological objective of having a uniform method of distinguishing an inmate's legal mail. See Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation